1

2

3                      **UNITED STATES DISTRICT COURT**

4                            **DISTRICT OF NEVADA**

5                                    * * *

6    ROBERT SPENCER

7                    Plaintiff,                        Case No. 2:19-cv-01592-RFB-EJY

8           v.
                                                              **ORDER**
9    TROY STAFFORD, an individual, STEVEN
     SCAMMELL, an individual; MILESTONE
10   PROGRAM MANAGEMENT, LLC, a
     Wyoming limited liability company;
11   MILESTONE HOLDINGS, LLC, a Wyoming
     limited liability company; MILESTONE
12   INSURANCE SERVICES, LLC, an Arkansas
     limited liability company; NEW ERA
13   DEVELOPMENT FUND, an unknown entity; ;
     DOES I – X, inclusive; and ROE ENTITIES 1 –
14   10, inclusive,

15                   Defendants.

16

17   **I.      INTRODUCTION**

18          Before the Court is Plaintiff's Motion for Default Judgment against Defendants Troy

19   Stafford, Steven Scammell, Milestone Program Management, LLC, Milestone Holdings, LLC, and

     Milestone Insurance Services, LLC ("Defendants"). ECF No. 15.
20

21   **II.     PROCEDURAL BACKGROUND**

22          On September 10, 2019, Plaintiff filed the operative complaint with sixteen claims of

23   relief in tort and contract: (1) Fraudulent Misrepresentation; (2) Fraudulent Inducement; (3)

24   Constructive Fraud; (4) Constructive Trust; (5) Violation of NRS Chapter 90; (6) Financial Elder

25   Abuse; (7) Breach of Fiduciary Duty; (8) Alter Ego; (9) Civil Conspiracy; (10) Conversion of

26   Money; (11) Negligent Misrepresentation; (12) Breach of Contract; (13) Contractual Breach of the

     Implied Covenant of Good Faith and Fair Dealing; (14) Tortious Breach of the Implied Covenant
27
     of Good Faith and Fair Dealing; (15) Unjust Enrichment; (16) Accounting. ECF No. 1. Each of
28
     the Defendants were served with copies of the Summons and Complaint but have failed to answer

or otherwise respond. ECF Nos. 3-10.

On October 16, 2019, Plaintiff moved for the clerk to enter an Entry of Default against Defendants. ECF No. 12. Plaintiff sued New Era Development Fund, but in the Motion for Entry of Default, Plaintiff stated, "…[it] now appears that entity may not exist. Accordingly, Plaintiff has not been able to effectuate service upon New Era Development Fund and does not seek a default against it at this time." ECF No. 12 at Exhibit 1 at n.1. On October 17, 2019, the Clerk entered a default against Troy Stafford, Steven Scammell, Milestone Program Management, LLC, Milestone Holdings, LLC, and Milestone Insurance Services, LLC as requested by Plaintiff. ECF No. 14.

Plaintiff now seeks an entry of default judgment against Defendants specifically as to two of its tort claims: (Claim 1) fraudulent misrepresentation and (Claim 10) conversion of money, as opposed to the contract claims. ECF No. 15 at 19. Plaintiff states that the fraud and conversion claims should be entered jointly and severally against all Defendants because they allegedly all worked together to defraud Plaintiff and convert his money. Id. at 20, n.85. Plaintiff seeks the principal amount of $250,000, $750,000 in punitive damages, and judgment interest of $46.23 per day from September 23, 2019, which is the date the last Defendant was served with the Summons and Complaint. ECF No. 15.

## III.   ALLEGED FACTS

In his complaint, Plaintiff alleges the following facts. ECF No. 1.

Steven Scammell advised Plaintiff and his family regarding insurance matters for approximately the past 15 years. In 2018, when Plaintiff was then 87 years old with Parkinson's disease, Scammell approached Plaintiff with an investment opportunity involving the alleged development of three commercial projects in the Tahoe Reno Industrial Center (TRIC). By providing fabricated and materially false and misleading information and documentation, as well as aggressively contacting Plaintiff via e-mail, phone calls, and in-person meetings, Scammell and the other Defendants induced Plaintiff to wire them $450,000 in connection with the non-existent development project. Almost immediately after receiving the $450,000, Defendants began to default on the Memorandum of Understanding and Promissory Note that parties agreed on. Plaintiff realized that Defendants were not going to perform and demanded his money back. Defendants returned $200,000 of the $450,000, but $250,000 remains due and outstanding.

2

Plaintiff's counsel submits a declaration in the Motion for Default Judgment stating that through his investigation and research, Defendants made numerous misrepresentations to Plaintiff including how much personal money Defendants invested in the project; the involvement of Hyatt, Amazon, and the University of Nevada in the project; bond funding availability; the availability of accounting services, and more. ECF No. 15 at Exh. 14. For example, Plaintiff's counsel states, "Scammell's November 7, 2018 representation to Spencer via email that MPM 'can provide you a collateral guarantee to a property we own free and clear up to it's [sic] value of $418k,' was false," and "Upon information and belief after conducting several hours of research, MPM did not own any property worth $418k free and clear on November 7, 2081." Id. at ¶¶ 31-32.

## IV.    LEGAL STANDARD

The granting of a default judgment is a two-step process directed by Rule 55 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 55; Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986). The first step is an entry of clerk's default based on a showing, by affidavit or otherwise, that the party against whom the judgment is sought "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a).

The second step is default judgment under Rule 55(b), a decision which lies within the discretion of the Court. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). Factors which a court, in its discretion, may consider in deciding whether to grant a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of the substantive claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute of material fact, (6) whether the default was due to excusable neglect, and (7) the Federal Rules' strong policy in favor of deciding cases on the merits. Eitel, 782 F.2d at 1471–72.

If an entry of default is made, the Court accepts all well-pleaded factual allegations in the complaint as true; however, conclusions of law and allegations of fact that are not well-pleaded will not be deemed admitted by the defaulted party. DirecTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007). Additionally, the Court does not accept factual allegations relating to the amount of damages as true. Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977). Default establishes a party's liability, but not the amount of damages claimed in the pleading. Id.

//

//

3

### V.     ANALYSIS

#### A. Motion for Default Judgment

In considering the seven <u>Eitel</u> factors, the Court finds that default judgment against Defendants Troy Stafford, Steven Scammell, Milestone Program Management, LLC, Milestone Holdings, LLC, and Milestone Insurance Services, LLC is warranted.

The first and sixth factors favor granting default judgment because the Defendants failed to defend or appear at all in this matter since being served with the summons and the complaint in September 2019. Defendants' failure to appear for over a year prejudices Plaintiff by preventing him from recovering the full amount of money that he wired to Defendants for the non-existent property development project. Further, Defendants' failure to appear for a substantial time demonstrates the lack of excusable neglect. And while the seventh factor generally counsels against the granting of default judgment, Defendants' failure to appear prevents the Court from determining the claims on their merits.

The Court next examines the merits of the substantive claims and sufficiency of the Complaint. Plaintiff seeks default judgment for Claim 1: Fraudulent Misrepresentation and Claim 10: Conversion of Money. The Court finds that the second and third <u>Eitel</u> factors, the merits of the substantive claims and the sufficiency of the complaint, respectively, favor judgment for Plaintiff.

#### 1.   Fraudulent Misrepresentation

"Under Nevada law, [a plaintiff] has the burden of proving each and every element of his fraudulent misrepresentation claim by clear and convincing evidence: (1) A false representation made by the defendant; (2) defendant's knowledge or belief that its representation was false or that defendant has an insufficient basis of information for making the representation; (3) defendant intended to induce plaintiff to act or refrain from acting upon the misrepresentation; and (4) damage to the plaintiff as a result of relying on the misrepresentation." <u>Barmettler v. Reno Air, Inc.</u>, 956 P.2d 1382, 1386 (Nev. 1998). "Fraud is never presumed; it must be clearly and satisfactorily proved." <u>Havas v. Alger</u>, 461 P.2d 857, 860 (Nev. 1969).

Here, Plaintiff alleges that Scammell and Stafford, individually and together through their jointly owned entities, made numerous oral and written misrepresentations about their qualifications related to project development and management, budget, funding sources, and more. ECF No. 15 at Exhs. 1-12. They drew up a Memorandum of Understanding, Residential Resale Purchase Contract, and Note. <u>Id.</u> at Exhs. 9-10, 12. Defendants promised to repay Plaintiff the

$450,000 within 45-60 days (Id. at Exhs. 6-8) and to purchase Plaintiff's house for $3,100,000. Id. at Exhs. 8-10. Plaintiff, who was then an elderly man suffering from Parkinson's disease, relied on Defendants' misrepresentations and wired them $450,000. Id. at Exh. 11. Defendants returned $200,000 but never returned the remaining $250,000. Id. at Exh. 1, ¶23. Counsel for Plaintiff submits a declaration that, among other assertations, states, "After conducting hours of due diligence and research, I believe all of the information contained in the August 24, 2018 Executive Summary was false and fabricated, from the TRIC Project summary, to the budget, to the funding information, along with details regarding the alleged TRIC Project executive management team," and "Upon information and belief, none of the Defendants ever owned any land for any alleged development related to the TRIC Project, nor were they ever granted any permits for grading or underground utilities for the alleged development related to the TRIC Project." Id. at Exh. 14, ¶¶ 7, 39.

The Court finds, accepting these supported allegations as true, that there are sufficient facts to support a finding in favor of Plaintiff against Defendants on the fraudulent misrepresentation claim.[1]

### 2. Compensatory Damages

If an entry of default is made, the Court accepts all well-pleaded factual allegations in the complaint as true. DirecTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007). The Court does not accept factual allegations relating to the amount of damages as true, and while default establishes a party's liability, it does not establish the amount of damages claimed in the pleading. Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977).

Here, the Court finds that the Plaintiff is entitled to the $250,000 that he alleges to have lost due to the loan. The Court finds that Plaintiff submitted credible evidence to support the amount of damages of $250,000 jointly and severally against Defendants Troy Stafford, Steven Scammell, Milestone Program Management, LLC, Milestone Holdings, LLC, and Milestone Insurance Services, LLC in this case, and that it is subject to calculation. See Davis v. Fendler, 650 F.2d 1154, 1161 (9th Cir. 1981). Scammell represented that he was president of Milestone, and Troy Stafford represented that he was its Project Manager. ECF No. 1 at 10-11, ECF No. 15 at

---

[1] As the Court has found for the Plaintiff on the fraudulent misrepresentation claim, the Court does not find that it needs to reach the merits of the conversion claim as the relief would be the same.

Exh. 4. On November 15, 2018, Troy Stafford e-mailed Plaintiff that he received Plaintiff's $450,000 transfer. ECF No. 15 at Exh. 11. The Court also finds pursuant to the District's Local Rules that Defendants Troy Stafford, Steven Scammell, Milestone Program Management, LLC, Milestone Holdings, LLC, and Milestone Insurance Services, LLC have consented to the granting of this motion by failing to respond. LR 7-2(d); see ECF Nos. 3-14.

### 3. Punitive Damages

Under NRS 42.005, a Plaintiff may recover punitive damages "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud or malice, express or implied." An award of exemplary or punitive damages made pursuant this section may not exceed "(a) three times the amount of compensatory damages awarded to the plaintiff if the amount of compensatory damages is $100,000 or more; or (b) three hundred thousand dollars if the amount of compensatory damages awarded to the plaintiff is less than $100,000." Id.

Proof of bad faith, in and of itself, does not establish liability for punitive damages. United Fire Insurance Company v. McClelland, 780 P.2d 193 (Nev. 1989). The Nevada Supreme Court has "defined oppression as 'a conscious disregard for the rights of others which constitutes an act of subjecting plaintiffs to cruel and unjust hardship.' " Id. at 198. "A jury may award punitive damages where the defendant has been guilty of fraud, malice, or oppression. NRS 42.010." Ainsworth v. Combined Ins. Co. of Am., 763 P.2d 673, 675 (Nev. 1988). "Traditionally this court has held that the amount of a punitive damages award was subjective, and therefore best left to the jury's determination." Ainsworth, 763 P.2d at 677. "The district court has discretion to determine whether the defendant's conduct merits punitive damages as a matter of law." Bongiovi v. Sullivan, 138 P.3d 433, 451 (Nev. 2006).

Plaintiff requests the Court award punitive damages against Defendants to the fullest extent permitted under NRS 42.005: three times the amount of compensatory damages, which in this case would amount to $750,000. ECF No. 15 at 24. Here, the Court finds that Plaintiff is entitled to a punitive award because the evidence demonstrates that Defendants targeted and misled an elderly man in his late eighties with whom they had a prior relationship with, to send them $450,000 for a development project that Defendants knew was not going to actualize. The Court finds that these damages should be joint and several because all the Defendants participated in this egregious scheme to defraud. Defendants' actions subjected Plaintiff, who was suffering from Parkinson's disease, cruel and unjust hardship. However, the Court does not find evidence sufficient to

demonstrate that $750,000 is a reasonable amount of punitive damages in relation to Defendants' actions. Upon review of the evidence, which includes exhibits such as a declaration from Plaintiff, affidavits of service to Defendants, and e-mail correspondence between Plaintiff and Defendants, the Court finds that $500,000 is a reasonable and calculable amount of punitive damages.

### 4. Judgment Interest

To calculate interest, Nevada law provides: "When no rate of interest is provided by contract or otherwise by law, or specified in the judgment, the judgment draws interest from the time of service of the summons and complaint until satisfied, except for any amount representing future damages, which draws interest only from the time of the entry of the judgment until satisfied, at a rate equal to the prime rate at the largest bank in Nevada as ascertained by the commissioner of financial institutions on January 1 or July 1, as the case may be, immediately preceding the date of judgment, plus 2 percent. The rate must be adjusted accordingly on each January 1 and July 1 thereafter until the judgment is satisfied." Nev. Rev. Stat. § 17.130(2).

Nev. Rev. Stat. § 99.040(1) requires: "When there is no express contract in writing fixing a different rate of interest, interest must be allowed at a rate equal to the prime rate at the largest bank in Nevada, as ascertained by the Commissioner of Financial Institutions, on January 1, or July 1, as the case may be, immediately preceding the date of the transaction, plus 2 percent, upon all money from the time it becomes due, . .

(c) Upon money received to the use and benefit of another and detained without his or her consent."

The Summons and Complaint was served upon the last Defendant on September 23, 2019. ECF No. 8. Plaintiffs state that that computing from September 23, 2019 at 6.75% (4.75% prime rate established by the Nevada Financial Institutions Division for January 1, 2020 plus 2%) to a principal judgment amount of $250,000 yields an annual interest figure of $16,875 and a daily accrual of $46.23.

Since that calculation, the prime rate established by the Nevada Financial Institutions Division for January 1, 2021, which immediately precedes the date of this judgment is 3.25%: http://fid.nv.gov/Resources/Fees_and_Prime_Interest_Rate/. The 3.25% prime rate established by the Nevada Financial Institutions plus 2% is 5.25%. Applying that figure to a principal amount of $250,000 yields an annual interest figure of about $13,125.40 at an approximate daily accrual of $35.96 (rounded up). From September 23, 2019 to the date of this judgment, February 26, 2021, it

has been five hundred and twenty-two days. Therefore, as of the date of this judgment, February 26, 2021, the interest amounts to $18,771.12 (rounded up).

## VI.     CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Default Judgment (ECF No. 15) is granted in part and denied in part. The Court grants default judgment on Claim 1: Fraudulent Misrepresentation in Plaintiff's favor against Defendants Troy Stafford, Steven Scammell, Milestone Program Management, LLC, Milestone Holdings, LLC, and Milestone Insurance Services, LLC. The remaining claims are dismissed without prejudice. The Court awards Plaintiff $250,000 jointly and severally against Defendants Troy Stafford, Steven Scammell, Milestone Program Management, LLC, Milestone Holdings, LLC, and Milestone Insurance Services, LLC for what Plaintiff allegedly lost in the loan. The Court also awards Plaintiff $500,000 in punitive damages joint and severally against all the above Defendants, and judgment interest at $35.96 per day from September 23, 2019 until satisfied. As of the date of this judgment, February 26, 2021, the interest amounts to $18,771.12.

DATED: February 26, 2021.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**